## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

LISA MONTALVO and MICHAEL    :
MONTALVO, wife and husband, and    :     **CIVIL ACTION LAW**
AMANDA LINDSEY MONTALVO,    :
   :
   :
        Plaintiffs,    :
   :
    **V.**    :
   :
DAVID PLAZA, individually,    :
NELSON L. SIMS, JR., individually,    :
and N. L. SIMS JR TRUCKING LLC,    :
   :     **JURY TRIAL DEMANDED**
        Defendants.    :
   :

## COMPLAINT

AND NOW COME, Plaintiffs Lisa Montalvo, Michael Montalvo, and

Amanda Lindsey Montalvo, by and through their undersigned counsel, Smigel,

Anderson & Sacks, LLP, and file the within Complaint and aver the following in

support:

## PARTIES

1.      Plaintiffs, Lisa Montalvo ("Lisa") and Michael Montalvo ("Michael") Wife and Husband, are adult individuals with an address of 9484 Carlisle Road, Dillsburg, PA 17019.

2.      Plaintiff, Amanda Lindsey Montalvo ("Amanda"), is an adult individual with an address of 9484 Carlisle Road, Dillsburg, PA 17019. Lisa, Michael, and Amanda may sometimes be collectively referred to as "Plaintiffs."

3.      Defendant, David Plaza ("Plaza"), is an adult individual with an address of 414 Parkridge Avenue, Orange Park, FL 32065.

4.      Defendant, Nelson L. Sims, Jr., ("Sims") is an adult individual with an address of 1391 Stone Chapel Road, New Windsor, MD 21776.

5.      Defendant, N. L. Sims Jr Trucking LLC, ("N L Sims, LLC") is a Maryland limited liability company, with a mailing address of 2410 W. Memorial Road, Ste. C533, Oklahoma City, OK 73134, and a physical address of 1391 Stone Chapel Road, New Windsor, MD 21776.

2

## JURISDICTION AND VENUE

6.     This Court has diversity jurisdiction over this matter because the Plaintiffs and Defendants share complete diversity and the amount in question exceeds $75,000.00.

7.     Venue in this Court is proper because it is where the accident in question occurred.

## FACTS

8.     On or about September 17, 2015, Lisa was operating a 2013 Volkswagen Jetta (hereafter the Montalvo vehicle) on US Route 15 South in Upper Allen Township, Cumberland County, PA.

9.     On or about the same time, Plaza was operating a tractor trailer, Kenworth Model #W900, which was owned by N L Sims, LLC or Sims, at the time.

10.    It is believed and therefore averred that Plaza was an employee of N L Sims, LLC, and/or by Sims, at said time.

11.    At around 1:08 p.m., Plaza was traveling in the left lane and the Montalvo vehicle was traveling in the right lane, with Lisa as the driver.

12.    At said time, Plaza and the Montalvo vehicle were next to one another, when the Plaza tractor trailer negligently moved into the right lane at which time Plaza struck the Montalvo vehicle.

13.     As a result of Plaza striking the Montalvo vehicle, the Montalvo vehicle was forced in front of Plaza's vehicle and crashed into the median strip of US Route 15 South.

14.     It is believed and therefore averred that Plaza fell asleep while operating the tractor trailer.

15.     The Montalvo vehicle then continued to skid down US Route 15 South after making impact with the median strip.

16.     As a result of Plaza's negligence, Lisa was injured in the crash and was transported to Holy Spirit Hospital via ambulance.

17.     Lisa's injuries from the accident included, inter alia, a concussion, rib fractures, facial lacerations, disc bulges in her thoracic spine, and a right breast capsular rupture.

18.     Plaintiffs believe and therefore aver that Plaza was driving carelessly and recklessly when he moved into the right lane when it was not safe to do so.

19.     Plaintiffs believe and therefore aver that Plaza was driving carelessly and recklessly when he struck the Montalvo vehicle.

## COUNT I – NEGLIGENCE

### *Lisa Montalvo v. Plaza*

20.     Plaintiffs hereby incorporate all facts and allegations set forth above.

4

21. Plaza, as the driver of the truck and semi-trailer, had a duty to at all times:

    a. Exercise the ordinary care required of motorists while driving;

    b. Have the vehicle under such control that it could be stopped before causing injury to any person or damage to any property; and

    c. Drive in a safe and reasonable manner as a prudent person would under the circumstances.

22. Plaza breached his duties and his actions were negligent and reckless in that he:

    a. Failed to safely merge into the right lane.

    b. Failed to have his vehicle under proper and reasonable control;

    c. Failed to maintain a proper lookout and to observe what was occurring next to and around his vehicle; and

    d. Failed to operate the brakes in such a manner so that the truck and attached semi-trailer could be slowed in time to avoid a collision with the Montalvo vehicle.

23. Solely as a direct and proximate result of the negligent and reckless acts of Plaza, Lisa sustained the following serious injuries, all of which are or may be of a permanent nature, and required medical treatment including physical and cognitive therapy:

a. concussion;

b. rib fractures;

c. facial lacerations;

d. disc bulges in her thoracic spine;

e. a right breast capsular rupture; and

f. Severe and frequent headaches;

24. By further reason of the Plaza's truck and attached semi-trailer striking the Montalvo vehicle, Lisa has been damaged as follows:

a. She has been afflicted with severe pain, suffering, and inconvenience;

b. She has suffered a loss of life's pleasures;

c. She has been forced to miss work, causing her to lose compensation;

d. She has and will continue to be required to spend money for medicine, therapy, and medical care; and

e. She has and will continue to be limited in her normal activities.

25. Plaza's negligence was the actual and proximate cause of Lisa's injuries.

26. But for Plaza's negligence, Lisa would not have been injured.

WHEREFORE, Plaintiffs respectfully demand judgment against the Defendant Plaza in an amount in excess of $75,000.00, plus the cost of this action and any other relief that this Honorable Court may deem just and proper.

## COUNT II - VICARIOUS LIABILITY

### *Plaintiffs v. N L Sims, LLC*

27.     Plaintiffs hereby incorporate all facts and allegations set forth above.

28.     N. L. Sims Jr Trucking LLC is a Maryland limited liability company that is not in good standing and has forfeited its status as a limited liability company in Maryland.

29.     At the time of this accident, Plaza was employed by N. L. Sims Jr Trucking LLC.

30.     Plaza's conduct of driving the tractor trailer at the aforesaid time and place is of a kind and nature that Plaza was employed to perform.

31.     The accident occurred while Plaza was driving for N L Sims LLC and was acting within the scope and course of his employment with N L Sims LLC.

32.     Plaza's conduct of driving the tractor trailer was actuated and driven by a duty and desire to serve N L Sims LLC.

WHEREFORE, Plaintiffs respectfully demand judgment against the Defendant N L Sims, LLC, in an amount in excess of $75,000.00, plus the cost of this action and any other relief that this Honorable Court may deem just and proper.

## COUNT III – VICARIOUS LIABILITY

### *Plaintiffs v. Sims*

33.     Plaintiffs hereby incorporate all facts and allegations set forth above.

34.     N. L. Sims Jr Trucking LLC is a Maryland limited liability company

that is not in good standing and has forfeited its status as a limited liability

company in Maryland.

35.     Because N. L. Sims Jr Trucking LLC has forfeited its status as a

limited liability company, N. L. Sims Jr. Trucking LLC has been acting as a sole

proprietorship owned and operated by Defendant Nelson L. Sims, Jr.

36.     At the time of this accident, Plaza was employed by Sims.

37.     Plaza's conduct of driving the tractor trailer at the aforesaid time and

place is of a kind and nature that Plaza was employed to perform.

38.     The accident occurred while Plaza was driving for Sims and was

acting within the scope and course of his employment with Sims.

39.     Plaza's conduct of driving the tractor trailer was actuated and driven

by a duty and desire to serve Sims.

WHEREFORE, Plaintiffs respectfully demand judgment against the

Defendant Sims in an amount in excess of $75,000.00, plus the cost of this action

and any other relief that this Honorable Court may deem just and proper.

## COUNT IV – LOSS OF CONSORTIUM

### *Michael Montalvo v. Plaza, Sims and N.L. Sims JR Trucking, LLC*

40.     Plaintiffs incorporate all facts and allegations set forth above.

41.     As a result of the negligent, careless, and reckless conduct of the Defendants, Michael Montalvo has suffered a loss of consortium.

WHEREFORE, Plaintiffs respectfully demand judgment against the Defendant Sims in an amount in excess of $75,000.00, plus the cost of this action and any other relief that this Honorable Court may deem just and proper.

## COUNT V – NEGLIGENCE

### *Amanda Lindsey Montalvo v. Plaza, Sims and N.L. Sims JR Trucking, LLC*

43. Plaintiffs incorporate all facts and allegations set forth above.

44. As a result of the negligent, careless, and reckless conduct of the Defendants, Amanda Lindsey Montalvo has suffered significant personal injuries including, without limitation, head injuries, headaches, back pain, and bruising.

WHEREFORE, Plaintiffs respectfully demand judgment against the Defendant Sims in an amount in excess of $75,000.00, plus the cost of this action and any other relief that this Honorable Court may deem just and proper.

Respectfully submitted,

**SMIGEL, ANDERSON & SACKS, LLP**

Date: September 8, 2017

By:  s/ *Jefferson J. Shipman, Esquire*
  Jefferson J. Shipman, Esquire
  PA ID # 51785
  Darryl J. Liguori, Esquire
  PA ID #91715
  4431 North Front Street, 3rd Floor
  Harrisburg, PA 17110
  (717) 234-2401
  jshipman@sasllp.com
  dliguori@sasllp.com